Weygandt, C. J.,
dissenting. The majority opinion concludes with the observation that more orderly procedure will result if the requested writ of prohibition is denied and the respondent judge is permitted to proceed.
Is this view sustained by the undisputed facts?
If this were not a serious matter, it would seem to require the Shakespearean title of a “Comedy of Errors” inasmuch as it presents an unbelievable combination of obvious fundamental mistakes, one result of which is that the single original action now has been multiplied into three — (1) the criminal case in the Court of Common Pleas, (2) the habeas corpus action in the Court of Appeals, and (3) the present prohibition action in this court.
The situation in the criminal case is simple and clear. Seven years ago the defendant was duly indicted and convicted of the offense of murder in the first degree. The jury recommended mercy. The trial court duly overruled the defendant’s motion for a new trial, and accordingly the defendant was sentenced to the Ohio Penitentiary as required by law. Subsequently the defendant duly perfected an appeal to the Court of *56 Appeals. The judgment of the Court of Common Pleas in overruling the motion for a new trial was affirmed. There was no appeal from the judgment of the Court of Appeals. Under the rules of orderly procedure, that ended the matter, and the judgment became final. It still stands.
Then, after a lapse of six years, the present confusion started. The defendant instituted a new action in the Court of Appeals for a writ of habeas corpus. An Assistant Attorney General, without adequate investigation of either the facts or the law, appeared in the Court of Appeals and consented to the allowance of the writ. As a result the Court of Appeals then allowed the writ unaware of the fact that the judgment was being entered for the petitioner whose conviction this same Court of Appeals had affirmed six years previously. Immediately after the allowance of the writ, the Assistant Attorney General made further investigation and conferred with his superiors. According to the evidence, he was advised by them to file an application for a rehearing in order to afford the Court of Appeals an opportunity to correct its mistake. An application for a rehearing was in fact prepared for that purpose, but it was not filed. Nor was an appeal perfected to this court in order to obtain a review of the judgment of the Court of Appeals.
Subsequently the judge who is the respondent in the instant prohibition case announced that he would proceed to grant the motion for a new trial which had been overruled six years before. He further stated that he would proceed to try the defendant a second time although the defendant had been convicted in his first trial, and that conviction had been affirmed six years previously and still is in full force and effect, and although the journal entry of the Court of Appeals in the habeas corpus action makes no mention of a remand to the Court of Common Pleas or any mention of further consideration of the motion for a new trial.
After the respondent judge announced his intentions, the instant action was instituted in this court to prohibit the respondent from proceeding to take the indicated course. Should the respondent judge be so prohibited for the reason that the Court of Appeals exceeded its jurisdiction in allowing the writ of habeas corpus?
*57 Probably no principle of law has been more consistently followed by this court than that habeas corpus may not be employed as a substitute for the remedy of appeal. Yet that is precisely the attempt made by the petitioner in the habeas corpus action. It should be emphasized that the original judgment of conviction was duly affirmed six years previously, and that that affirmance still is in full force and effect. Orderly procedure would seem to require that its validity be respected and that the Court of Appeals be held without jurisdiction to nullify it collaterally and unknowingly by means of a writ of habeas corpus. Hence, the respondent judge should be prohibited now from proceeding under the void writ and adding further unnecessary confusion to an already unbelievably confused situation.
Matthias and Herbert, JJ., concur in the foregoing dissenting opinion.